UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALERO ENERGY, LTD., | § § § | |
| Plaintiff/Garnishor | § | |
| VS. | § | MISCELLANEOUS ACTION NO. 4:22-MC-00104 |
| | § § | |
| WELLS FARGO BANK, N.A., | § § | [RELATED CASE NO. 4:21-cv-02034] |
| Garnishee, | § § | |
| VS. | § § | |
| CLYDE BERGEMANN US, INC. and CLYDE BERGEMANN POWER GROUP AMERICAS, LLC | § § § § § | |
| Defendants/Judgment-Debtors. | | |

## MEMORANDUM & ORDER

Before the Court is the Application for Writ of Garnishment after Judgment filed by Plaintiff/Garnishor Valero Energy, Ltd. ("Valero"). (Doc. 1.) Valero seeks to collect on a judgment issued by the United States District Court for the Southern District of Texas on July 22, 2021, against Defendants/Judgment-Debtors Clyde Bergemann US, Inc. and Clyde Bergemann Power Group Americas, LLC (formerly known as Clyde Bergemann Power Group Americas, Inc.) in Civil Action No. 4:21-cv-02034. (*Id.* at 1–2.) Valero seeks to collect on that judgment by garnishing funds in one or more bank accounts in the name of the Defendants/Judgment Debtors held by Garnishee Wells Fargo Bank, N.A. ("Wells Fargo"). (*Id.* at 1.)

Federal Rule of Civil Procedure 69 provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and

in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

FED. R. CIV. P. 69. "Garnishment actions in Texas are 'purely statutory' and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *Af–Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006). "As actions supplemental to or in aid of execution, . . . garnishment actions are governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006). A writ of garnishment is available if the "plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 63.001(3). A judgment is valid and subsisting "from and after the date it is signed, unless a supersedeas bond shall have been approved and filed[.]" TEX. R. CIV. P. 657. The plaintiff shall support its application for a writ of garnishment "by affidavits of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts." TEX. R. CIV. P. 658. The plaintiff's application must also "comply with all statutory requirements and shall state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court." *Id.*

Here, the judgment issued by the United States District Court for the Southern District of Texas on July 22, 2021, against Defendants/Judgment-Debtors Clyde Bergemann US, Inc. and Clyde Bergemann Power Group Americas, LLC (formerly known as Clyde Bergemann Power Group Americas, Inc.) in Civil Action No. 4:21-cv-02034 is a valid and subsisting judgment. There is no evidence that any supersedeas bond has been approved and filed. Valero has also submitted an affidavit from Joni M. Fraser, its attorney, stating that within Valero's knowledge, Defendants/Judgment-Debtors "do not possess property in Texas subject to execution sufficient to

satisfy the judgment." (Doc. 1-2 at 3.) The affidavit also specifies the amount of the original judgment: $1,066,710.45 for breach of warranty; $360,498.32 for legal fees, expenses, and expert fees; $200,016.83 for costs of arbitration; and $158,399.16 in pre-award interest, with simple interest accruing on the foregoing amounts at the rate of five (5) percent per annum from March 28, 2021, until paid. (*Id.*)

The Court therefore finds that Valero's Application, together with its affidavit, meets the requirements for a Writ of Garnishment under Federal Rule of Civil Procedure 69 and relevant Texas law. Valero "has a valid, subsisting judgment and makes an affidavit stating that, within [its] knowledge, [Judgment-Debtors do] not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 63.001(3). Accordingly, Valero's Application (Doc. 1) is **GRANTED** and the Court **ORDERS** that the Writ of Garnishment appended to this Order shall issue.

It is further **ORDERED** that the value of property or indebtedness that may be garnished in total from Garnishee is $1,785,624.76 plus interest.

It is further **ORDERED** that Plaintiff/Garnishor must serve the Writ on the Garnishee and Judgment-Debtors in compliance with relevant Texas law.

**SIGNED** at Houston, Texas, on this the 20th day of January, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3/3